IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CURTIS J. MAY,**<br><br>  Plaintiff,<br><br>  vs.<br><br>**FOXHALL INVESTORS, LLC and WILLIAM HARRISON MERRILL, SR.,**<br><br>  Defendants. | Civil Action File No. |

## COMPLAINT

Comes Now Plaintiff, Curtis J. May, through counsel, against Defendants Foxhall Investors, LLC and William Harrison Merrill, Sr. (collectively "Defendants") and alleges as follows:

### NATURE OF THE ACTION

1.

Plaintiff Curtis J. May hereby alleges that during his employment, Defendants maintained a pattern and practice of not paying him overtime wages, or any wages at all beyond 40 hours per week; failed to provide proper time for required lunch and rest breaks; and otherwise failed to provide statutorily mandated wages and compensation. He further alleges that Defendants have

illegally retaliated against him by terminating his employment for asserting his right to overtime wages under the Fair Labor Standards Act.

2.

This action is brought under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, 207, 215(a)(3), and 216(b) to recover unpaid wages, unpaid overtime wages and other wages that Plaintiff was not paid in violation of the laws of the United States, in addition to liquidated damages for Defendants' willful violations of the FLSA, and compensatory and punitive damages for Defendants' illegal retaliation.

**JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this civil action is brought pursuant to 42 U.S.C. § 201, et al., commonly known as the FLSA. Plaintiff does not assert any cause of action that is subject to any collective bargaining agreement.

4.

This court has personal jurisdiction over the parties to this action as a result of Defendants' wrongful acts. Additionally, Defendant Foxhall Investors, LLC is a business incorporated and existing under the laws of the State of Georgia and the

jurisdiction of this Court. Defendant William Harrison Merrill, Sr. is a resident of Douglas County, Georgia and is therefore subject to the jurisdiction of this Court.

5.

Upon information and belief, venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §1391(b) because, inter alia, Defendants reside or have their primary place of business within Douglas County, Georgia and/or a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

6.

The Plaintiff, Curtis J. May, is an individual residing in Douglas County, Georgia. May is a former employee of Defendants. May worked as a general laborer, groundskeeper, maintenance worker, and concierge worker for Defendants from approximately February 2012 until April 2013. Plaintiff May has given his consent to join this lawsuit in writing.

7.

Defendant Foxhall Investors, LLC is a foreign business entity organized under the laws of Delaware and having its principal place of business at 8000 Capps Ferry Road, Douglasville, Georgia 30135. It may be served through its

registered agent, Hugh Nowell at 3575 Piedmont Road NE, Building 15, Suite L120, Atlanta, Georgia 30305.

8.

Upon information and belief, Defendant William Harrison Merrill, Sr. is a resident of Douglas County, Georgia and can be served at 3575 Piedmont Road NE, Building 15, Suite L120, Atlanta, Georgia 30305.

## FACTUAL ALLEGATIONS

9.

Defendants own and operate Foxhall Resort & Sporting Club ("Foxhall"), a luxury resort and sporting club situated on 1,100 acres in Douglasville, Douglas County, Georgia. Foxhall hosts year-round corporate retreats, sporting events (e.g., skeet shooting, equestrian, deer hunting, fly fishing, and archery), weddings, and other gatherings to wealthy individuals and corporations from across the country.

10.

In order to attend to the needs of its pampered guests, Foxhall employees dozens and possibly hundreds of individuals who have responsibilities that include setting up and breaking down equipment for parties, preparing sporting venues for guests' activities, cleaning and maintaining all types of equipment used by guests, doing extensive landscape work to ensure that the property remains in pristine

condition at all times, general maintenance work, and essentially doing anything that any guest might require.

11.

While employed at Foxhall from February 2012 until April 2013 (the "Employment Period"), Plaintiff Curtis May's job responsibilities included, but were not limited to, all those tasks enumerated in the previous paragraph.

12.

At all times during the Employment Period, Plaintiff worked far in excess of 40 hours per week, with 80 hours being the average. Plaintiff was at all times required to be at Foxhall whenever directed—and without advance notice—by his managers and supervisors, specifically Brook Cole, Shelby Taylor Phillips, and Brent Heckler. Many times, Plaintiff's working hours were so long that he spent his few free hours sleeping on the Foxhall premises, rather than making even the short drive to his home to his family.

13.

From the beginning of his employment at Foxhall, Plaintiff was informed by his managers and supervisors that he would not receive any pay for hours worked in excess of 40 hours per week, but that significant working hours beyond 40 hours per week were required. At all times Plaintiff worked under these conditions in the

hope that after a preliminary period, that he would be promoted and receive additional pay.

14.

At all times during his employment at Foxhall, Plaintiff's managers and supervisors would "clock out" Plaintiff by punching his time card out prior to Plaintiff's actual departure. Often, this clocking out would be done by management little over halfway through Plaintiff's actual shift.

15.

Well over a year into his employment, in early April 2013, and after a particularly long and difficult day of building a dam in deep mud Head of Outfitting, Adam Lewis, Plaintiff returned to the maintenance shop to change clothes, gather his belongings and leave. Upon arriving, he discovered that the shop was locked and that Shelby Phillips, Head Groundskeeper, had already clocked him out two hours prior. Frustrated and muddy, Plaintiff got into his truck and drove home.

16.

The next morning, Plaintiff returned to Foxhall and confronted Phillips. Plaintiff stated to Phillips that it was unfair to clock him out early, and that refusing to pay him—and numerous other Foxhall employees—for all hours worked and for overtime was illegal and a violation of federal law.

17.

Phillips immediately flew into a rage, cursing and screaming, and saying that he could do whatever he wanted. When Plaintiff replied that he could not continue to break the law, Phillips immediately fired Plaintiff.

18.

Plaintiff then went to Brook Cole, who is CEO of another Foxhall company and Phillips' superior. Plaintiff told Cole about what had transpired, and complained further about the illegal practice of clocking employees out early and not paying them for hours worked, or overtime. Cole told Plaintiff to go home for the day and cool off, and assured Plaintiff that he would sort out the problem with Phillips.

19.

Plaintiff returned to Foxhall the next day to speak to Cole, but was informed by an office administrator that Cole had left the previous night after speaking to Shelby. Subsequently, Plaintiff has attempted to contact Cole on numerous occasions but Cole has refused to return any of his calls. Plaintiff has never been permitted to return to work at Foxhall.

## COUNT I
## VIOLATION OF THE OVERTIME WAGE PROVISIONS OF 29 U.S.C. §207

20.

Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1–19, as if specifically set forth herein.

21.

Pursuant to 29 U.S.C. § 207, Plaintiff is entitled to be compensated at one-and-one-half times his regular wage for each and every hour worked over forty hours in any given workweek.

22.

The overtime provisions of the FLSA apply to Plaintiff, whose job duties do not fall within any exemption to the overtime requirement of 29 U.S.C. § 207.

23.

Defendants have committed *prima facia* violations of 29 U.S.C. § 207 by failing to pay Plaintiff any wage whatsoever beyond the first forty hours worked during every week of his employment.

24.

Defendants violations of these provisions are intentional, as evidenced by the fact that no good faith attempt to comply with the FLSA has been made, in that Defendants have paid no wages to Plaintiff at all beyond the first forty hours of

each week, much less appropriate overtime. Defendants are liable to Plaintiff for his unpaid wages, liquidated damages, attorney's fees and costs, interest and other such relief as is provided in 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE ANTI-RETALIATION PROVISIONS OF 29 U.S.C. § 215(a)(3)

25.

Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1–24, as if specifically set forth herein.

26.

Pursuant to 29 U.S.C. § 215(a)(3), Defendants are prohibited from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [29 U.S.C. §§ 201 et seq.], or has testified or is about to testify in any such proceeding . . . ."

27.

The anti-retaliation provisions of the FLSA apply to Plaintiff as an employee of Defendants.

28.

Defendants have committed *prima facia* violations of 29 U.S.C. § 215(a)(3) through retaliating against Plaintiff by terminating his employment. Defendants'

termination of Plaintiff—at the very moment he asserted his statutory right to overtime pay pursuant to federal law—was for the sole purpose of retaliating against Plaintiff for asserting those rights under the FLSA. There existed no non-retaliatory basis for Defendants' termination of Plaintiff.

29.

Defendants' retaliatory acts have caused Plaintiff emotional distress and financial hardship.

30.

Defendants' violations of the FLSA's anti-retaliation provisions are intentional. No good faith attempt to comply with the FLSA has been made. Defendants are thus liable to Plaintiff for compensatory and punitive damages as provided for in 29 U.S.C. § 216(b).

## **CONCLUSION**

WHEREFORE, Plaintiff prays that this Court:

(a)   Find that Defendants have willfully violated 29 U.S.C. § 207 by failing to pay Plaintiff overtime wages;

(b)   Find that Defendants have willfully violated 29 U.S.C. § 215(a)(3) by retaliating against Plaintiff for filing a complaint with his supervisor and asserting his rights under the FLSA;

(c) Issue a judgment against Defendants for all unpaid wages, interest, attorney's fees, costs, and compensatory and punitive damages, and all other allowed forms of relief as provided by 29 U.S.C. §216(b);

(d) Issue a judgment for liquidated damages in an amount equal to the above mentioned judgment as provided in 29 U.S.C. § 216(b); and

(e) For such other and further relief as this Court deems just and equitable.

Plaintiff hereby demands a TRIAL BY JURY.

Respectfully submitted this 13th day of March 2014.

|  |  |
|---|---|
| | /s/ W. Anthony Collins, Jr. |
| SMITH COLLINS, LLC | W. Anthony Collins, Jr. |
| 8565 Dunwoody Place | Ga. Bar No. 141712 |
| Building 15, Suite B | |
| Atlanta Georgia, 30350 | |
| (770) 378-1408 | |
| wicollin@hotmail.com | |
| | |
| | /s/ Matthew W. Herrington |
| SMITH COLLINS, LLC | Matthew W. Herrington |
| 8565 Dunwoody Place | Ga. Bar No. 275411 |
| Building 15, Suite B | |
| Atlanta Georgia, 30350 | |
| (770) 286-1800 | |
| herrington.matthew@gmail.com | |
| | *Attorneys for Plaintiff* |